IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHESTER RAY JENKINS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:25-CV-437 (MTT) |
| SARA S. HARRIS, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

On October 7, 2025, plaintiff Chester Ray Jenkins, proceeding pro se, filed a notice of removal. ECF 1. That same day, he filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. For the reasons stated, Jenkins' motion to proceed IFP (ECF 2) is **GRANTED**. However, the Court lacks jurisdiction over this action. Accordingly, this action is **REMANDED** to the Probate Court of Houston County.

**I. DISCUSSION**

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307-08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (citations omitted). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

Jenkins' IFP affidavit establishes that he cannot pay the court fees. ECF 2. Thus, the Court finds that Jenkins is unable to pay the costs of this proceeding without undue hardship, and his motion for leave to proceed IFP (ECF 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the action (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Jenkins is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

Before the Court can proceed to a frivolity screening, it must determine whether Jenkins' notice of removal states a proper jurisdictional basis for removing this action to federal court. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (explaining that federal courts are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "[A] federal court must remand a removed action back to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Federal courts have original jurisdiction only when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. In his notice of removal, Jenkins claims this Court has original jurisdiction because this action "involves claims and disputes rooted in constitutional rights, issues of diversity of citizenship, and an amount in controversy exceeding $950,000." ECF 1 at 2.

This action originated in the Probate Court and concerned the administration of the Estate of Jack Williams. In June 2024, Jenkins filed a quitclaim deed in Probate Court purporting to grant property owned by the Estate of Jack Williams to the "Jack

Williams Family Express Trust." ECF 1 ¶ 34; 1-2 at 2. In March 2025, the administrator of the Estate of Jack Williams petitioned for leave to sell the property at issue. ECF 1 ¶ 41; 1-3 at 2. On September 3, 2025, the Probate Court entered a "final order" authorizing the sale of the property and concluding (1) that the Jack Williams Family Express Trust was not an heir at law to the Estate of Jack Williams and (2) that Jenkins had no standing in the Probate Court.[3] ECF 1-5 at 2. On October 7, 2025, Jenkins filed his notice of removal. ECF 1.

As an initial matter, Jenkins is not a "defendant" under § 1441 and, therefore, is not entitled to removal.[4] *See Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578-79 (1954) (prohibiting removal by a plaintiff under 28 U.S.C. § 1441); *Hall v. Crane*, 2024 WL 21604, at *3 (W.D. Tex. Jan. 2, 2024) (collecting cases and holding a party removing a Probate Court action could not "be considered the defendant … as he [was] seeking affirmative relief against the estates and is seeking review of the Probate Court's rulings"). Nonetheless, the Court proceeds to determine whether Jenkins has alleged a basis for federal removal jurisdiction.

Here, there is no federal question jurisdiction. "Removal jurisdiction based on a federal question is governed by the well-pleaded complaint rule." *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003). "[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on that basis." *Id.* First, there is no complaint. Attached to Jenkins' notice of removal are: an oath of amnesty and reconstruction from the Moorish National Bureau of Vital

---

[3] It is unclear whether the property has been sold. Jenkins' appears to believe the property has not been sold based on his January 13, 2026 motion for a temporary restraining order. *See* ECF 3.

[4] In his notice of removal, Jenkins refers to himself as a plaintiff. ECF 1 ¶¶ 7, 15, 50, 57.

statistics (ECF 1-1); a quit claim deed (ECF 1-2); the Probate Court Administrators' initial and amended petitions for leave to sell the property at issue (ECF 1-3; 1-4); the Probate Court's final order approving the sale concluding that Jenkins has no standing in Probate Court (ECF 1-5); the official oath of a judge of Probate Court (ECF 1-6); a purported list of the decedent's heirs (ECF 1-7); and a "certificate of express trust" in the name of the Moorish Science Temple of America (ECF 1-8). Those documents cannot serve as the basis for Jenkins' removal to federal court. And even if they could, they do not present a federal claim.

In his notice of removal, Jenkins claims that the Probate Court and the remaining defendants violated the United States Constitution by authorizing the sale of property that rightfully belongs to Jack Williams' Moorish American descendants. *See* ECF 1 ¶ 46-49, 52, 58. However, removal of an action is appropriate only where the action "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A state court case "may not be removed to federal court on the basis of a federal defense." *Id.* at 393. Thus, Jenkins' assertions that the "defendants" violated the Constitution cannot serve as a basis for federal question jurisdiction. *See Cpi/Amherst SFR Program Owner, LLC v. Rogers*, 2024 U.S. Dist. LEXIS 171890, at *2 (N.D. Ga. July 30, 2024) (ruling that federal question jurisdiction did not exist based on the defendant's claims that the plaintiff and the state court violated the Constitution). Accordingly, the Court does not have federal question jurisdiction over the Probate Court action.

Nor is there diversity removal jurisdiction. Jenkins states that all of the defendants in this action are citizens of the state of Georgia. *See* ECF 1 ¶¶ 18-20.

Under 28 U.S.C. § 1441 (b)(2), "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Thus, there is no removal jurisdiction based on diversity.

Because the Court lacks jurisdiction over this action, this action is **REMANDED** to the Probate Court of Houston County. Jenkins' motion for a temporary restraining order (ECF 3) is **DENIED as moot**.

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Jenkins' motion to proceed IFP (Doc. 2) is **GRANTED.** However, because the Court lacks subject matter jurisdiction, this action is **REMANDED** to the Probate Court of Houston County.[5]

**SO ORDERED**, this 14th day of January, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[5] The Court lacks jurisdiction to consider Jenkins' motion for a temporary restraining order. Accordingly, that motion (ECF 3) is **DENIED as moot**.